Plaintiffs-appellants Todd C. Hixson and Lisa D. Hixson (Hixson) appeal the July 9, 1998 Judgment Entry of the Stark County Court of Common Pleas which quieted title over a parcel of real estate. Defendants-appellees are Terry Michael Adams and Gloria Jean Adams (Adams).
 STATEMENT OF THE FACTS AND CASE
The issues in this case revolve around the ownership of a parcel of property owned by the George P. DeFord Revocable Trust. The land at the center of the dispute has an area of 8.446 acres. The Adams own an adjoining parcel with an area of .517 acres which they purchased from Mr. DeFord. The Hixsons also own a parcel of property directly abutting the 8.446 acre tract. The parties generally agree on the facts giving rise to this action.
On July 8, 1992, Adams entered into a land contract with Mr. DeFord to purchase a .517 acre parcel. Adams paid monthly installments to DeFord on this land contract.
On May 29, 1993, Adams entered into a purchase agreement with DeFord to purchase an additional 3 acres of property. This 3 acres was part of the aforementioned 8.446 acre parcel, and directly abutted the .517 acre parcel which was subject of the land contract. While this purchase agreement did not contain a legal description of the property, it did contain a sufficiently detailed description of the property to give the parties sufficient notice as to exactly what property was being sold. The agreement stated a purchase price but did not state a date for closing.
On or about May 31, 1993, the Adams sent a letter to the Hixsons in which the Adams stated they were the "purchasers" of the three acre parcel. The letter informed the Hixons of the Adams' intent to remove a fence on the property on or about June 7, 1993. The Hixons were advised to remove any livestock. This letter was signed by the Adams and by George P. DeFord.
The court noted that George P. DeFord signed not only the original, but also the copy of this letter. Upon receiving the letter, the Hixsons had some conversation with Mr. DeFord, after which the fence mentioned in the letter was left standing.
A little over two years later, on September 22, 1995, Mr. DeFord entered into a new purchase agreement in which Mr. DeFord agreed to sell and the Hixons agreed to purchase the entire 8.446 acre parcel. This purchase agreement included the 3 acres already subject to a purchase agreement between Mr. DeFord and the Adams. Mr. DeFord agreed to grant possession of the parcel to the Hixons immediately after payment of the purchase price, $32,000. This sale was never consummated.
On February 10, 1996, the Adams paid off the original land contract on the .517 acre parcel of land. The Adams' mortgage company prepared a deed which mistakenly conveyed the 8.446 acre parcel instead of the .517 acre parcel. This deed was signed by Delfo Pellegrini, Trustee of the George P. DeFord Revocable Trust. Appellee conceded at trial there was a mutual mistake in the conveyance.
On June 22, 1996, George P. DeFord past away. The following day, July 23, 1996, $6,080 was deposited to the DeFord account at First Merit Bank. Adams claimed they deposited this sum as full payment on the 3 acres of land which were the subject of the purchase agreement of May 29, 1993.
On November 27, 1996, the Hixsons, along with Delfo Pellegrini as an individual, as the Executor of the Estate of George P. DeFord and as Trustee of the George P. DeFord Revocable Trust, sued the Adams, TMS Mortgage Inc., dba Money Store[1], and Mark S. Roach, Stark County Treasurer. The complaint requested a reformation of the deed to remove any reference to the 8.446 acre track of land mistakenly included; a request to quiet title to the 8.446 acre track of land; and for monetary damages against appellees. The Adams filed an answer and counterclaim requesting the court issue a declaratory judgment determining the interest of the various parties to the 8.446 acre tract of real estate.
The initial jury demand was waived and the case proceeded to a trial to the court on June 3, 1998. Plaintiffs introduced the testimony of Vernie Starkie, and George Pugh, witnesses to the deed from the George P. DeFord Revocable Trust to Adams which transferred the 8.446 acre parcel. Both Ms. Starkie and Mr. Pugh testified they witnessed Mr. Pellegrini sign the deed. Transcript at 23, 33. Further, both parties testified Mr. DeFord was not present at the signing of this deed.Id. This was of interest to the court because Mr. DeFord's signature does appear on the deed.
Next the plaintiffs introduced the testimony of Delfo Pellegrini and of Todd Hixson. The Adams were not present at trial and the only testimony presented by the defense was elicited through cross examination. The court took the matter under advisement and issued a written Judgment Entry on July 9, 1998. It is from this judgment entry the Hixsons prosecute their appeal assigning the following as error:
 I. THE COURT OF COMMON PLEAS, STARK COUNTY, OHIO, ERRED IN FINDING THAT THE DEFENDANTS/APPELLEES, TERRY MICHAEL ADAMS AND GLORIA JEAN ADAMS ARE DEEMED TO BE THE OWNERS IN FEE SIMPLE ABSOLUTE OF THE 3 ACRE PARCEL OF LAND AS SET FORTH IN DEFENDANT'S EXHIBIT 1, AND ORDERING THAT A WARRANTY DEED BE PREPARED BY THE GEORGE P. DEFORD TRUST, CONVEYING SAID PROPERTY TO TERRY M. ADAMS AND GLORIA J. ADAMS. THE PLACE IN THE RECORD REFLECTING THIS ERROR IS AT PARAGRAPH NUMBER 2 OF THE LAST PAGE OF THE JUDGMENT ENTRY OF THE TRIAL COURT DATED JULY 9, 1998.
 II. THE COURT OF COMMON PLEAS, STARK COUNTY, OHIO, ERRED IN NOT ORDERING THE PURCHASE AGREEMENT DATED SEPTEMBER 22, 1995, BETWEEN GEORGE P. DEFORD, AS OWNER, AND TODD C. HIXSON AND LISA D. HIXSON, AS PURCHASER, TO BE A VALID, ENFORCEABLE REAL ESTATE PURCHASE CONTACT. THE PLACE IN THE RECORD REFLECTING THIS ERROR IS ON THE FOURTH PAGE OF THE JUDGMENT ENTRY OF THE TRIAL COURT DATED JULY 9, 1998 AT THE BOTTOM OF THE DISCUSSION OF ISSUE TWO.
 I
The issue before this Court is whether the purchase agreement between the Adams and Mr. DeFord dated May 29, 1993, was valid. Appellants argue the trial court erred in finding the Adams were owners in fee simple of 3 acres of the subject property. In support of this argument, the Hixsons maintain the doctrine of "presumed rescission" nullified the purchase agreement between Mr. DeFord and the Adams. The Hixsons cite Rogers v.Simpson (1908), 21 O.C.D. 103, for the proposition that a contract may be presumed rescinded by mutual consent.
In Rogers, supra, a 1908 case from the Circuit Court of Harrison County, the court held:
 Under a contract for the sale of land where a vendor is unable to make a deed at the time stipulated or within a reasonable time thereafter, and the vendee does not waive such default, but neglects to tender performance on his part for unreasonable time, the rescission of the contract may be presumed by mutual consent and in such case the vendee may maintain an action to recover the money advanced upon the contract.
(Emphasis added).
In Rogers v. Simpson, Rogers sold Simpson a parcel of land for $3100. At the time the contract was executed, Simpson paid $200 toward the purchase price. The contract stated Rogers was to execute a quit claim deed in fee simple to Simpson on April 1, 1907, at which time delivery of the premises was to be made. On the same date, upon delivery of the deed and possession, Simpson was to pay $800 and execute a mortgage on the premises for $2100. Id. at 561.
The April 1, 1907 deadline came and went, but neither party performed. Id. Several days later, Simpson demanded his deed from Rogers but made no tender of the $800 or of the mortgage note. Id. Even though Simpson made several further demands for the deed, the evidence did not show he had tendered the balance of purchase price. Id.
The court held Simpson could make no claim for damages for breach of contract because he had failed to perform.Id. The remaining issue was whether Simpson could recover the $200 paid on the contract. Id. Apparently the Rogers never had a fee simple ownership in the property they were to convey. The court found this was rescission on their part. However because Simpson was also not in a position to perform the terms of the contract by tendering the purchase price, he was presumed to consent to the recision. Id.
In contrast, in the case sub judice, Mr. DeFord was the fee simple owner of the property and the Adams did pay the purchase price, evidencing their intent to proceed with the contract. We find these distinctions render Rogers, supra, inapplicable to the present situation.
Irrespective of the aforementioned distinctions, we find any "presumption of mutual rescission" rebutted by Adams' payment for the 3 acres. Even though it was not conclusively established the Adams actually deposited this sum into DeFord's account, we find the trial court made no error in drawing the reasonable inference it was Adams who made the deposit. For these reasons, appellants' first assignment of error is overruled.
 II
In light of our disposition of assignment of error one, we overrule assignment of error two for the reasons set forthsupra.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Edwards, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES
[1] All issues regarding TMS Mortgage Inc., dba The Money Store were resolved and this defendant was dismissed from the case.